# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL EAVES, | CASE NO. 1:09-cv-01647-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| R. CASTRO, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Darnell Eaves ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Avenal State Prison ("ASP") in Avenal, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Due Process Clause, Equal Protection Clause, and Ex Post Facto Clause. Plaintiff names R. Castro, M. Cruz, A. Avila, R. McNamis, Govea, N. Lopez, Ralyn Conner, J.D. Hartley, N. Grannis, and L. Ochoa as defendants. For the reasons set forth below, the Court finds that Plaintiff fails to state any cognizable claims under Section 1983. Thus, Plaintiff's complaint will be dismissed. To the extent that Plaintiff is able to allege facts that cure the deficiencies in his claims, Plaintiff will be given leave to file an amended complaint within 30 days.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Background

Plaintiff claims that Defendants violated his constitutional rights by depriving him of his property. Plaintiff was transferred to ASP on August 17, 2007. Plaintiff attempted to retrieve his property after he was transferred. On October 26, 2007, Plaintiff was summoned to "Receiving & Release" to pick up his property. Castro gave Plaintiff 16 batteries and told Plaintiff that he had ten (10) days to send his CD/cassette/radio player home; otherwise, it would be trashed.

Plaintiff filed an administrative complaint regarding his property and was contacted by Defendant Cruz. Cruz told Plaintiff that he would research the prison's property policy to see if Plaintiff was permitted to possess the property in question. Later, Cruz informed Plaintiff that he

was not authorized to possess appliances that had to be plugged in. Plaintiff was also informed that he was not allowed to possess his radio despite the fact that it used batteries because it was too large.

Plaintiff appears to complain that he was authorized to possess his radio because there is no regulation that governs the size of property that prisoners and permitted to possess. Plaintiff claims that the size regulation cited by Cruz was an "underground" regulation invented to steal Plaintiff's radio. Plaintiff also alleges that he has seen staff and other inmates in possession of the same radio that Plaintiff was not allowed to possess. Plaintiff alleges that he is permitted to possess any property that fits in his locker. Plaintiff further complains that prison officials lied and claimed that Plaintiff wanted to trash the radio because it was broken, but Plaintiff never authorized such action to take place.

### III. Discussion

#### A. Due Process Claims

Plaintiff claims that Defendants stole Plaintiff's radio in violation of the Constitution. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). Whether a deprivation of property rises to the level of a constitutional violation depends on whether the deprivation was negligent or unauthorized. A negligent deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available because pre-deprivation process is impracticable since the state cannot know when such deprivations will occur. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Similarly, an intentional, but unauthorized, deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available. Id. California Law provides an adequate post-deprivation remedy for any unauthorized property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff alleges that Defendants stole Plaintiff's radio in an intentional and unauthorized manner. Plaintiff claims that Defendants lied about the regulations used to justify the confiscation of Plaintiff's radio. Plaintiff alleges that the regulations cited by Defendants were made-up,

"underground" regulations that were invented to justify the taking of Plaintiff's radio. Plaintiff alleges that these regulations did not actually exist and, therefore, the taking was unauthorized. The alleged scheme to steal Plaintiff's radio is the type of unauthorized deprivation of property that cannot reasonably be anticipated and prevented by pre-deprivation process. Thus, Defendants' actions are not actionable under Section 1983 because the state of California provides adequate post-deprivation remedies that Plaintiff can pursue, such as state tort actions. Plaintiff fails to state any claims under Section 1983.

### B.    Equal Protection Claims

Plaintiff also argues that he was denied equal protection. Although the nature of Plaintiff's equal protection claim is not entirely clear, Plaintiff appears to allege that other inmates were allowed to possess the same radio player that was stolen from Plaintiff.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. Plaintiff does not allege that he was treated differently from other persons who were similarly situated.

Plaintiff's equal protection claim fails because the facts alleged do not suggest that Plaintiff was intentionally treated differently based on Plaintiff's membership in any identifiable class. Plaintiff does not allege that he is a member of any identifiable class. Nothing in Plaintiff's complaint suggests that Defendants stole Plaintiff's radio because of Plaintiff's membership in any identifiable class and intentionally did not steal other inmates' radios because they targeted and

discriminated against Plaintiff. Thus, Plaintiff fails to state a claim under the Equal Protection Clause.

### C. Ex Post Facto Claims

Plaintiff claims that the underground rules invented to steal Plaintiff's radio violated "the Ex-Post-Facto Rule." Plaintiff's ex post facto claims are frivolous. The Ex Post Facto Clause prohibits laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995) (quoting Collins v. Youngblood, 497 U.S. 37, 43 (1990)). Here, Defendants did not "retroactively alter the definition of crimes or increase the punishment for criminal acts." Thus, Plaintiff fails to state any claims under the Ex Post Facto Clause.

### D. Exhibits

Plaintiff has attached more than 100 pages of exhibits to his complaint. While exhibits are permissible if incorporated by reference pursuant to Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading. See Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim," Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This court will not serve as a storehouse for Plaintiff's evidence. Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court. Further, if and when this action does reach an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations.

Further, the Court will not permit Plaintiff to rely exclusively on exhibits for the presentation of the critical facts to his case. Rule 8 requires Plaintiff to provide a "short and plain" statement of his claims. Plaintiff may not attach a large number of exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on Plaintiff's behalf. The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff--the Court will not do the work for him. Although the Court will liberally construe Plaintiff's complaint, sifting through unidentified prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating on Plaintiff's behalf. To the extent that the factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying exhibits to present those facts.

## IV.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c); they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

///

1  5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 15, 2010**                               /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE