# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL EAVES, | CASE NO. 1:09-cv-01647-GBC PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| R. CASTRO, et al., | (Doc. 13) |
| Defendants. | ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

I. **Screening Requirement**

Plaintiff Darnell Eaves is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 16, 2010, the Court issued an order dismissing the complaint, with leave to amend, for failure to state a claim. (Doc. 11.) Currently pending before the Court is the first amended complaint, filed August 23, 2010. (Doc. 13.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation. In August 2007, Plaintiff was transferred from Chuckawala Valley State Prison to Avenal State Prison ("ASP"). When Plaintiff received his property, in October 2007, Defendant Castro would not allow him to have his JWIN cassette radio player. (Doc. 13, p. 3.) Defendant Castro informed Plaintiff that since he was transferring into ASP his radio violated prison policy and he would not be allowed to possess it.[1] Plaintiff was told that he had ten days to send the radio home or it would be disposed of as contraband. (Id., p. 4.)

Plaintiff filed an inmate appeal, no. 07-03209, on October 28, 2007. (Id., pp. 12-14.) On December 7, 2007, Plaintiff was interviewed by Defendant Cruz and was told that the radio would

---

[1] In response to questions and concerns about the Authorized Personal Property Exemption, the warden issued a memorandum on April 28, 2006, informing staff and inmates that inmates housed at ASP would be allowed to possess any previously approved non-clear appliances until they were no longer operational or until the inmate transferred out of ASP. Inmates transferring in to ASP would not be allowed to possess the appliances. (Doc. 1, p. 15.)

1  remain in "R and R" pending the outcome of his appeal.  On December 7, 2007, the first level
2  response issued denying Plaintiff's appeal because the cassette player did not meet criterial under
3  the general exemptions, because of the size and it had an AC cord.  (Id., p. 22.)  On December 31,
4  2007, Plaintiff verified that the inmate appeal had not been processed within time constraints.  (Id,
5  p. 5.)  On January 23, 2008, Defendant Lopez screened out Plaintiff's inmate appeal stating that too
6  great a time had lapsed.  Plaintiff filed an objection due to the failure to process the appeal timely.
7  Defendant McNamis supported Defendants Lopez' decision.  (Id., p. 6.)

8      On March 5, 2008, Defendant Lopez interviewed Plaintiff for the second level appeal and
9  the appeal was denied.  (Id., pp. 6-7, 23-24.)  On May 24, 2008, the Directors Level appeal requested
10 that Plaintiff submit a proof of confiscation slip.  Plaintiff attempted to get a confiscation slip and
11 was told that there was no confiscation slip because he had requested the item be trashed because
12 it was broken.  Plaintiff contends he never requested the item be trashed.  (Id., pp. 7, 25-26.)
13 Plaintiff informed Defendant Grannis that criminal and federal charges would be filed for depriving
14 him of his property.  (Id., p. 9.)  On October 9, 2008, the Director's Level response was issued
15 denying Plaintiff's appeal.  (Id., pp. 10-11.)  On July 1, 2010, Plaintiff filed a case in small claims
16 court in the Superior Court of Kings County for the loss of the property.  (Id., pp. 55-60.)  While
17 Plaintiff's appeal was being processed he was transferred to several different yards within the prison
18 and observed inmates that were in possession of the same radio he was being denied.  (Id., p. 7.)

19      Defendant Grannis never contacted Defendant Warden Hartley to verify the property
20 regulations.  Defendant Hartley reinstated the previous regulations regarding inmate property in
21 March 2008, which allowed inmates transferring into the facility to keep any appliances that used
22 batteries and can fit in their lockers.  (Id., p. 8.)  Plaintiff brings suit against Defendants A. Castro,
23 M. Cruz, L. McNamis, N. Lopez, J. D. Hartley, and N. Grannis for depriving him of his property in
24 violation of due process and equal protection.

25 **III.**   **Discussion**

26     **A.**   **Equal Protection**

27     The Equal Protection Clause requires that all persons who are similarly situated be treated
28 alike.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living

3

1  Center, 473 U.S. 432, 439 (1985).  An equal protection claim may be established by showing that
2  the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership
3  in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that
4  similarly situated individuals were intentionally treated differently without a rational relationship to
5  a legitimate state purpose,  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of
6  Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Discriminatory purpose implies that the defendant
7  chose a particular course of action because of its adverse effect upon a discriminate group.  Lee, 250
8  F.3d at 687.  Prison inmates are not a protected class for equal protection purposes.  Webber v.
9  Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir.
10 1991).

11         Plaintiff has failed to allege that there is no legitimate state purpose for the policy that limits
12 the possession of items by size and power source in the prison dormitories.  Village of Willowbrook,
13 528 U.S. at 564.  However, even if Plaintiff had made the allegation his complaint fails to state a
14 cognizable claim.  A mere demonstration of unequal treatment is not enough to state an equal
15 protection violation.  McQueary, 924 F.2d at 835.  It is equal protection, not equal results that is
16 required and therefore an allegation of invidiousness or illegitimacy in the regulations is necessary
17 before a cognizable claim arises.  Id.  The policy specifically allowed inmates at the institution to
18 keep cassette players that had previously been approved as long as they were operational or until the
19 inmate transferred to another institution. (Doc. 13, p. 15.)  Plaintiff's allegation that, after a change
20 in policy, inmates transferring in to ASP were not allowed to possess a JWIN cassette player, fails
21 to state a plausible claim that the intent of the policy was to discriminate against inmates transferring
22 into the facility.  Iqbal, 129 S. Ct. at 1949-50.  Additionally, Plaintiff is not alleging that he was
23 treated differently than other inmates transferring into the facility, and has not shown any
24 discriminatory intent by any named defendant in not allowing him to possess the cassette player due
25 to the policy.

26         **B.     Due Process**

27         In this action Plaintiff has failed to state a due process claim for deprivation of his personal
28 property.  The Due Process Clause protects against the deprivation of liberty without due process of

4

law. Wilkinson v. Austin, 545 U.S. 209 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

Prison restrictions on the size of personal property that an inmate may possess do not violate the Due Process Clause. See e.g. Cosco v. Uphoff, 195 F.3d 1221, 1224 (10th Cir. 1999) (dismissing due process challenge to new prison policy limiting amount of property a prisoner could keep in his cell); Blackwell v. Pizzola, No. CIV S 09-0535 GEB DAD D, 2010 WL 4505813, *6 (E.D. Cal. Nov. 12, 2010) (dismissing due process challenge to confiscation of prisoner's JWIN radio as not imposing atypical or signification hardship in relation to the ordinary incidents of prison life); Vogelsang v. Tilton, No. CIV S -06-2083 JAM DAD, 2008 WL 4891213, *4, (E.D. Cal. Nov. 12, 2008) (dismissing due process claim because restrictions on number of appliances inmate is allowed to possess did not impose atypical or significant hardship in relation to the ordinary incidents of prison life); Martin v. Hurtado, No. 07cv0598 BTM (RBB), 2008 WL 4145683, *13 (S.D. Cal. Sept. 3, 2008) (dismissing due process challenge because "deprivation of [inmates's] television does not pose an 'atypical and significant hardship' when compared to 'the ordinary incidents of prison life'").

Additionally, Plaintiff's claim that prison officials lied and trashed his radio when he did not tell them to fails to state a cognizable claim. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff alleges that his cassette player was trashed by prison officials without his permission after he was told it would be kept while his appeal was pending. Whether the cause

5

of the property loss or damage was intentional and unauthorized or negligent, Due Process is satisfied as there is an adequate post-deprivation remedy available under California law, <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895), and Plaintiff has filed a suit in small claims court to recover the value of the lost property.

## IV.  Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, Plaintiff was granted the opportunity to amend the complaint, with guidance from the Court, and has failed to correct the deficiencies. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). This action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983, and the Clerk's Office shall enter judgment. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   January 21, 2011

UNITED STATES MAGISTRATE JUDGE